# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JOHN BOLT                                                               PLAINTIFF

v.                            No. 3:16-CV-00106-BD

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                 DEFENDANT

## ORDER REMANDING TO THE COMMISSIONER

John Bolt applied for social security disability benefits alleging an onset date of June 28, 2013. (R. at 72). The administrative law judge (ALJ) denied his applications after a hearing. (R. at 41). Mr. Bolt requested review, but the Appeals Council denied that request, rendering the ALJ's decision the final decision of the Commissioner. (R. at 1). Mr. Bolt thereafter requested judicial review, and the parties have consented to the jurisdiction of the magistrate judge.

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

## I.     The Commissioner's Decision

The ALJ found that Mr. Bolt had the following severe impairments: hypertension, obstructive sleep apnea, obesity (non-morbid), and anxiety disorder NOS. (R. at 31). The ALJ found that Mr. Bolt had the residual functional capacity (RFC) to perform work at all exertional levels but would be limited to unskilled work where interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote with few variables and little independent judgment; and supervision is simple, direct,

and concrete. (R. at 33). The ALJ further found that Mr. Bolt could not deal with the general public and would be off-task less than five percent of the time. (R. at 33). The ALJ took testimony from a vocational expert and found that Mr. Bolt could return to his past relevant work as a warehouse worker or retail custodian or could perform other jobs such as hand packer or polisher. (R. at 39–40). The ALJ concluded, therefore, that Mr. Bolt was not disabled. (R. at 40–41).

## II.     Discussion

This Court reviews the decision of the ALJ to determine whether it is supported by "substantial evidence on the record as a whole." *Wilcutts v. Apfel*, 143 F.3d 1134, 1136 (8th Cir. 1998). This requires that the Court consider evidence that supports the Commissioner's decision as well as evidence that would support a contrary outcome. The Court will not reverse, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

In this appeal, Mr. Bolt argues that the ALJ: erred in failing to account for incontinence and knee pain; failed to include exertional limitations in the RFC; impermissibly drew his own inferences from the medical evidence; and failed to properly explain the limitation that Mr. Bolt would be off-task less than five percent of the time.

The ALJ discounted Mr. Bolt's incontinence because on June 30, 2014, Mr. Bolt's treating physician assessed his urinary frequency as "improved." (R. at 296). The note consists only of the word "improved," with no additional details. As Mr. Bolt points out,

he later complained on August 5, 2014, that the medication for his overactive bladder was not working. (R. at 308).

The Commissioner notes that Mr. Bolt continued on the same medication and that the treating physician did not focus on the incontinence in subsequent visits. Even so, urinary frequency remained a listed condition at Mr. Bolt's subsequent visits, which indicates that the issue was not resolved. (R. at 325, 329). Another doctor noted Mr. Bolt's bladder problems on August 28, 2014. (R. at 318). And Mr. Bolt testified at the hearing to continuing problems with incontinence, stating that he had to void several times during the night and that the frequency of urination was causing marital problems and had caused him to lose his job. (R. at 59–60).

In discounting Mr. Bolt's incontinence, the ALJ concluded that a single one-word note overcame the multiple records and testimony concerning this impairment. It is the duty of this Court to consider not only the evidence supporting the decision but also the evidence detracting from it. *Wilcutts v. Apfel*, 143 F.3d 1134, 1136-37 (8th Cir. 1998). When the record is viewed as a whole, the evidence supporting the ALJ's decision is not substantial.

The case must be remanded because the ALJ erred by failing to account for Mr. Bolt's incontinence. Therefore, Court need not address other points raised in this appeal.

**III. Conclusion**

The ALJ's decision is not supported by substantial evidence based on inadequate consideration of Mr. Bolt's incontinence. This case is hereby remanded with instructions

to develop the record as necessary and to consider how Mr. Bolt's incontinence affects his employability.

IT IS SO ORDERED, this 4th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE